STOULIG, Judge.
This is an appeal from a judgment enjoining the Louisiana Tax Commission and its individual members from ordering the assessors of the Second Municipal District and the Third Municipal District of the City of New Orleans to amend the 1976 tax rolls to increase assessment^ on vacant property in conformity with values recommended by the Orleans Parish Board of Review.
This litigation[1] was initiated by property owners[2] who were advised their 1976 tax assessments on vacant properties within the Second and Third Districts were to be significantly increased as the result of a citywide property revaluation program. Petitions of intervention were filed by William P. Cy Hickey, Jr., and Dr. Claude Mauber-ret, assessors for the Second and Third Districts respectively, and several other property holders in the affected area,[3] praying for the injunctive relief sought by the original plaintiffs.
Those challenging the validity of the proposed increase contend defendants either ignored or circumvented laws in establishing 1976 tax assessments on vacant property in the Second and Third Districts. We need not detail the multiple complaints of illegality advanced by plaintiffs-taxpayers because they are not entitled to injunctive relief even if any or all legal propositions advanced by them have merit.
L.R.S. 47:2110 prohibits any court of this State from enjoining (1) the collection of taxes or (2) the enforcement of any provision of the tax law. In addition it provides a legal remedy for any complaining taxpayer and sets forth the procedure to contest an unauthorized tax law or a levy based on an invalid enactment. We quote and emphasize that portion relating both to resisting payment and laws under which payment is demanded:
“No court of this state shall issue any process whatsoever to restrain the collection of an ad valorem tax imposed by the state, or by any political subdivision thereof, under authority granted to it by the legislature or by the constitution. Any person resisting the payment of any amount of tax found due, or the enforcement of any provision of the tax laws in relation thereto, shall pay the amount found due to the officer designated by law for the collection of such tax and shall give the officer notice at the time of payment of his intention to file suit for *1039 the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If suit is filed within such time for the recovery of the tax, such amount so segregated shall be further held pending the outcome of the suit. If the taxpayer prevails, the officer shall refund the amount to the taxpayer with interest at the rate of two per cen-tum per annum for the period from the date such funds were received by the officer to the date of such refund.” (Emphasis added.)
The reason for prohibiting the use of injunctive process to restrain the collection of taxes levied or any law in connection therewith is apparent. Were it within the province of taxpayers to enjoin taxing authorities, it is conceivable that there would be no funds to pay for government services.
Appellees contend L.R.S. 47:2110 is inapplicable because they are not attempting to enjoin the collection of a tax, rather they are attempting to prevent “ * * * an unconstitutional and illegal attempt to usurp the powers and duties of two assessors relative to the assessment of real property. No attack is being made on any ad valorem tax.”
Appellees argue their action is properly brought under L.R.S. 47:1998 and this law is not subject to the restrictions of L.R.S. 47:2110. L.R.S. 47:1998 provides in part:
“Any taxpayer in any instance where he shall be dissatisfied with the action of the parish board of reviewers in refusing to make a recommendation with respect to an actual cash valuation to the tax commission or with the tax commission upon its refusal to comply with such recommendation, or in regard to the actual cash valuation fixed by the tax commission, may resort to the district court for review of such action. Where the parish board of reviewers have opposed and appealed the valuation fixed by the tax commission upon any class of property and the tax commission has not altered the valuation in accordance with such appeal, any taxpayer of such class, whether or not he has filed an initial complaint with the parish board of reviewers or with the tax commission, may resort to the district court for review of such action. Complaining taxpayers shall have until the first day of November following the determination appealed from to resort to the district court for review after which they shall not have such right.
“Any taxpayer in the state, the parish of Orleans excepted, who has filed a sworn list or return of his property for taxation on or before the first day of April of any year, shall have the right to institute suit in the court having jurisdiction of the cause of action, for the purpose of contesting the correctness or legality of any assessment made against the property listed on such return. Any such suit or legal proceeding shall not be instituted before the assessment rolls are filed in the office of the clerk of court of the parish in which the property is situated as now provided by law, nor later than thirty days following the date of filing of the rolls, except suits to test the correctness of changes in assessments made under written instructions of the tax commission, pursuant to R.S. 47:1990, which suits must be instituted within thirty days after the date of the written instructions of the tax commission ordering the change. No other condition precedent than those specified herein shall be required of the taxpayer in order to permit him to exercise the right of action hereby granted.
“The assessor shall bring suit, when necessary, to protect the interest of the state, and shall also have the right of appeal and such proceedings shall be without cost to him or the state.
“In all suits relating to property taxes the judge shall hear and try such cases without delay, in chambers if necessary, without cost to the reviewers or the assessors.”
*1040 As we view it, this statute simply permits an aggrieved taxpayer to have a judicial review of what he considers an illegal assessment. Even were we to agree this procedure contemplates granting in-junctive relief under certain circumstances (and we do not), it would still be incumbent on plaintiffs to show irreparable injury before they could demand extraordinary relief. C.C.P. art. 3601 reads:
“An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.
“During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, in accordance with the provisions of this Chapter.
“Except as otherwise provided by law, an application for injunctive relief shall be by petition.”
Appellees argue they have made a sufficient showing for injunctive relief. In brief it is submitted:
“As to the use of injunction, Article 3601 of the Louisiana Code of Civil Procedure provides that an injunction shall issue in cases where irreparable injury, loss, or damages may otherwise result to the applicant . . . . Irreparable injury is not the only basis for the issuance of an injunction. Loss or damages to the applicant are also independent bases for the issuance of an injunction.”
We think the adjective “irreparable” modifies the nouns “damage” and'“loss” as well as “injury” and therefore cannot subscribe to appellees’ theory that the complaining taxpayers suffer a loss because they are deprived of the use of their money if they follow the procedure of payment under protest. While we recognize this deprivation during the pendency of the suit, we cannot subscribe to a theory that this is a sufficient showing to warrant issuance of an injunction or to conclude that the litigant prevailing will suffer irreparable damage or loss during the pendency of this suit. The deprivation of money has not historically been construed as an irreparable damage or loss. Accordingly we find that the taxpayers have not established irreparable damage or loss—a prerequisite for the extraordinary remedy of injunctive relief.
In L.R.S. 47-1998, three separate actions are granted. Paragraph 1 permits the taxpayer to have his assessment judicially reviewed after exhausting his administrative remedies. Paragraph 2 permits all Louisiana residents, other than those residing in the Parish of Orleans, to file suit to contest the correctness or legality of any assessment. Paragraph 3 permits the assessor to file any suit necessary to protect the interest of the State.
Thus under this statute the assessors may only file suit to protect the State’s interest. Parenthetically we note the continued nonuniform system of taxation which the City has attempted to remedy. In 1972 the City inaugurated a tax equalization program to reappraise property throughout the City. In Probst v. City of New Orleans, 325 So.2d 665, (La.App. 4th Cir. 1976), we held the plan unconstitutional because the equalization program was launched without comprehensive planning and scheduling for revaluation of various classes of property in a given period. The Supreme Court granted writs, the matter is now pending there and because of the present status of Probst, we will not base our result on our holding in that case. In any event, the properties selected for revaluation in 1975 were vacant lots within the Second and Third Districts. Both intervenors initially agreed to adopt as their own the new valuations fixed by appraisers hired by the Board of Review. In fact they verbally made a commitment to the Commission to assess on the basis of the valuations of which they now complain and requested the Commission issue a letter so directing them. Their posture in this suit in no way can be construed as an action to protect the interest of the State. Accordingly they have not met the requisites of L.R.S. 47-1998 necessary to state a cause of action.
*1041 For the reasons assigned, the judgment granting a preliminary injunction is annulled. Appellees are to pay all costs of this litigation.

ANNULLED.

LEMMON, J., concurs with written reasons.
GULOTTA, J., dissents with written reasons.

.Suit was originally filed in the 19th Judicial District Court for the Parish of Baton Rouge, the domicile of the Louisiana Tax Commission, but was transferred to the Civil District Court for the Parish of Orleans because it was a more convenient forum for all the litigants.

. Lewis A. Giraud, Mrs. Elvira Louise Wiener Giraud and Mrs. Corinne Rotge Panquerne.

. G. L. Schroeder and Decatur Realty Corporation.