JASPER E. JONES, Judge.
The defendants, Madison Parish Police Jury, Madison Parish Tax Assessor, James D. Sevier, Louisiana Tax Commission and R.R. Mitchell, Sheriff & Ex-Officio Tax Collector and intervenor City of Tallulah, appeal a judgment which orders the removal of property belonging .to Madison Community Apartments, Inc. and Starr Lodge Apartments, Inc. from the tax rolls of the *1354 City of Tallulah and the Parish of Madison and further orders the 1981 ad valorem taxes paid under protest to the City of Tallulah and the Parish of Madison to be reimbursed to Madison and Starr. We reverse and set aside the judgment.
Madison and Starr filed suit against defendants on October 30, 1980 alleging that each owned a tract of land in the City of Tallulah on which apartment complexes had been constructed. They alleged that each are nonprofit corporations formed and operated on a non-profitable basis to provide low and middle income families with dwellings. They allege for these reasons they were exempt under Art. 7, § 21(B)(1) of the Constitution of 1974 from the payment of ad valorem taxes.[1] They alleged the assessor, the parish police jury and the Louisiana Tax Commission had assessed their constitutionally exempt property in 1980 in the amount of $11,630.63 (Starr) and $6,592.59 (Madison). They prayed for judgment exempting them from these ad valorem taxes.
The sheriff filed an exception of no cause or right of action contending the suit was directed at the inclusion of the plaintiffs’ allegedly tax exempt property on the ad valorem tax rolls and that his official duties did not require him to participate in the preparation or approval of the assessment rolls and for that reason the suit asserted no cause or right of action against him. This exception was sustained by judgment signed on August 5, 1981 which was not appealed and therefore was a final judgment long before the judgment rendered against the sheriff and his co-defendants on April 18, 1983 and which has here been appealed.
The trial of this case commenced November 15, 1982 and was completed on January 10, 1983.
On January 31, 1983 the City of Tallulah filed a petition of intervention alleging it would be adversely affected by any decision exempting these plaintiffs from ad valorem taxes and in the interest of judicial economy and to avoid filing litigation of its own to protect its interest that it desired to become a party to these proceedings.
The appellants make four assignments of error: (1) The trial court’s finding that the plaintiffs had alleged and proved a cause of action, (2) the trial court’s award of a refund to the plaintiffs of their 1981 ad valo-rem taxes, (3) the provision of the judgment ordering the plaintiffs removed from the City and parish tax rolls, and (4) the trial court’s finding that plaintiffs were entitled to the constitutional charitable exemption from ad valorem taxes.

Assignment of Error # 1

The plaintiffs argued in brief before this court that their cause of action was based upon the provisions of La.R.S. 47:2110.[2] Section A of this statute autho *1355 rizes any taxpayer who desires to oppose the payment of taxes assessed to pay the taxes under protest to the officer designated by law to collect them and give this officer notice of his intention to file suit to recover the taxes. It requires the officer receiving the taxes to segregate the money so paid for a period of 30 days and provides that if the suit to recover the taxes is filed within that 30 days the amount so segregated shall be held pending the outcome of the suit, and in the event the taxpayer is successful it orders the officer to refund the taxes so paid, together with 2% per annum interest.
Section B of the statute requires service of the suit upon the officer designated by law to collect the taxes and states that he shall be the sole necessary and proper party defendant in such suit.
A review of the plaintiffs’ petition reflects they complain of the tax assessments against them for the year 1980 as being invalid because of their Constitutional exemption. They do not allege the payment of this assessment and necessarily they do not allege that it was paid under protest. At the trial of the case it was not established when the 1980 taxes, based upon the complained assessment, were paid, nor that they were paid under protest. It is further significant that the trial judge made no finding with regard to the 1980 taxes nor did she award the plaintiffs any judgment for them. It is also of importance that the sheriff, who is required to be the party defendant by the provisions of Part B of § 2110, was dismissed as a party defendant by a judgment dated more than a year before this case was tried. The tax collector of the city was never made a party to the suit. For these stated reasons the plaintiff neither alleged nor proved a cause of action for the refund of their taxes under the provisions of R.S. 47:2110.

Assignment of Error #2

The plaintiffs argue that the following provision of Part C of § 2110 entitles them to recover the 1981 taxes.
“Upon request of a taxpayer and upon proper showing by such taxpayer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the taxpayer, upon agreement to abide by the pending decision of the courts, may pay the additional assessment under protest but need not file an additional suit.”
If the plaintiffs had in fact filed this suit under § 2110 for the recovery of 1980 taxes paid under protest and made proof at the trial of having complied with the quoted provision of Part C § 2110, they may have been entitled to a judgment for the *1356 refund of 1980 taxes along with a judgment for the refund of their 1981 taxes paid under protest. But here the plaintiffs failed to file their suit under the provision of § 2110 and also failed to make any effort to prove compliance with the quoted provision of Part C, other than having paid 1981 taxes under protest, and for these reasons were not entitled to a judgment for the refund of their 1981 taxes under the provisions of 47:2110.
Section 2110 Part D recognizes that the cause of action provided in § 2110 to a taxpayer to sue for a refund of taxes paid under protest is in addition to the right given the taxpayer under R.S. 47:1998 to test the legality of an ad valorem assessment. A review of § 1998[3] reveals that any taxpayer dissatisfied with the action of the Louisiana Tax Commission under the provisions of 47:1989 shall have a right to institute a suit against the tax commission in the district court within 30 days of the decision of the commission.[4]
A review of § 1989 reveals that the tax commission shall hear the appeal of any taxpayer dissatisfied with the determination of the local board of review and has the power to reverse or modify the appealed determination of the local board of review. The local board of review of the 1980 assessment about which the plaintiffs complain is the Madison Parish Police Jury. See 47:1931.
The plaintiffs established at trial that following the 1980 assessment of their property they presented to the assessor, an opinion of the Louisiana Attorney General dated March 10, 1979 addressed to the Winn Parish Tax Assessor, which stated that an apartment complex located in Winn Parish having the same nonprofit and charitable characteristics as possessed by these plaintiffs, was exempt from ad valorem taxes under Art. 7, Sec. 21(B)(1) of the Constitution of 1974. Plaintiffs stated that on the basis of this Attorney General’s opinion they requested the assessor to remove them from the parish tax rolls. The assessor declined and the plaintiffs orally appealed to the Madison Parish Police jury in its capacity as the board of review. The board of review declined to grant the plaintiffs the exemption from the ad valorem taxes to which they contended they were entitled. The plaintiffs did not appeal the action of the board of review to the Louisiana Tax Commission. The plaintiffs, following the action of the board of review, instituted this suit. Though plaintiffs contend in brief they filed their suit under § 2110, it appears they at least attempted to file the suit under the provisions of 47:1998. At the outset we observe the plaintiffs failed to comply with § 1998 because they failed to appeal the action of the board of review and therefore failed to give the Louisiana Tax Commission an opportunity to review the finding of the board of review and make a determination which, if it had been adverse to them, they could have appealed to the district court.
Any taxpayer who attacks an assessment under § 1998 is required to pay the taxes when they become due under protest and give notice of the suit under *1357 the provisions of 47:2110(E) to the officer designated by law for the collection of such taxes. Notice of the suit contesting the assessment requires the officer designated for the collection of taxes, to maintain the amount paid under protest segregated until the outcome of the suit. The provision of § 1998 requiring the taxpayer attacking an assessment to pay the taxes when due under protest and give the notice to the collecting officer as required by § 2110(E) is an essential element of a cause of action for a refund in a suit filed under § 1998. The plaintiffs failed to pay the 1980 taxes under protest and therefore failed to meet this requirement of the statute.
We further note that under § 1998 and § 2110(E) there is no provision for a taxpayer asserting a cause of action on the invalidity of one year’s assessment to pay taxes on the following year’s assessment under protest and obtain thereby a cause of action for a refund in the initial suit for the taxes paid on an assessment made a year later.
The provisions of 47:1998 and 47:2110 are the only provisions in our law authorizing the plaintiffs to assert the invalidity of taxes assessed against them and seek a refund for the payment of such taxes. For the reasons hereinabove set forth the plaintiffs failed to allege and prove a cause of action herein for the refund of their 1981 taxes. The provision of the judgment ordering that refund is clearly wrong.

Assignment of Error #3

The plaintiffs herein are entitled to no judgment ordering their property removed from the tax rolls. This judgment is in the nature of a declaratory judgment to the effect that they are perpetually exempt from the payment of ad valorem taxes and there is no provision in our tax statutes authorizing such an adjudication. Giraud v. City of New Orleans, 359 So.2d 294 (La.App. 4th Cir.1978). Such a judgment would be contrary to the scheme of our ad valorem tax assessment procedures. This law provides that the assessment shall be made on the basis of conditions existing as of January each year. R.S. 47:1952. The law requires each assessor to compile a list of the property subject to taxes by July 1 of each year. The provisions of 47:1998 which provides for judicial review of each annual assessment is consistent with the scheme of the ad valorem tax assessing procedure. The remedy of paying the opposed tax under protest and suing for the refund provided in 47:2110 is consistent with the annual assessment procedure. A declaratory judgment perpetually exempting the property of these plaintiffs would necessarily be contrary to the intent of these assessment statutes and would deprive the assessor, the board of review and the Louisiana Tax Commission of their function of making an annual determination of the tax liability of the plaintiff’s property based upon its use on January 1 of each year. The judgment directing the removal of the plaintiffs from the tax rolls is contrary to law.

Assignment of Error

We find it unnecessary to address this assignment of error in view of our conclusion that appellees have failed to properly follow the statutory procedure to obtain the relief sought in this proceeding and have ordered a reversal of the judgment on this basis.
The judgment is REVERSED AND SET ASIDE and the suit is dismissed at plaintiffs’ cost.

. Art. 7, § 21. Other Property Exemptions
... (B)(1) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax, ...

. §2110. Suits to recover taxes paid under protest
A. No court of this state shall issue any process whatsoever to restrain the collection of an ad valorem tax imposed by the state, or by any political subdivision thereof, under authority granted to it by the legislature or by the constitution. Any person resisting the payment of any amount of tax found due, or the enforcement of any provision of the tax laws in relation thereto, shall pay the amount found due to the officer designated by law for the collection of such tax and shall give the officer notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If suit is filed within such time for the recovery of the tax, such amount so segregated shall be further held pending the outcome of the suit. If the taxpayer prevails, the officer shall refund the amount to the taxpayer with interest at the rate of two per centum per annum for the period from the date such funds were received by the officer to the date of such refund.
B. The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of such right respecting the legality of any tax accrued or accruing or the method of *1355 enforcement thereof. In any such suit, service of process upon the officer designated by law for the collection of the tax shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
C.The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action at law in the state or federal courts where any tax or the collection thereof is claimed to be an unlawful burden upon interstate commerce, in violation of any act of the Congress of the United States, the Constitution of the United States, or the constitution of the state, or in the federal courts in any case where jurisdiction is vested in any of the courts of the United States. Upon request of a taxpayer and upon proper showing by such taxpayer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the taxpayer, upon agreement to abide by the pending decision of the courts, may pay the additional assessment under protest but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the officer designated by law for the collection of such tax until the question of law involved has been determined by the courts and shall then be disposed of as herein provided.
D. The right of action provided in this section shall be in addition to any rights elsewhere provided in this Sub-title, including R.S. 47:1998, affording taxpayers an opportunity to test the legality or correctness of their assessments or ad valorem taxes paid under protest before the courts of state.
E. Any taxpayer in the state who has paid his taxes under protest as provided in Subsection A above, and who has filed suit under ... R.S. 47:1998, shall cause to issue in said suit notice to the officer or officers designated for the collection of said taxes in the parish or parishes where the property is located, and such notice shall be sufficient to cause said officer or officers to further hold said amount segregated pending the outcome of the suit.

. § 1998. Judicial Review; generally
A. Any taxpayer in the state dissatisfied with the action of the tax commission under the provisions of R.S. 47:1989, shall have the right to institute suit within thirty days of the decision of the tax commission in either the district court for the parish where the tax commission is domiciled or the district court of the parish where the property is located contesting the correctness of assessment... Any taxpayer who has filed suit under this provision and whose taxes have become due shall pay said taxes under protest and shall cause to issue notice to the officer designated by law for the collection of such tax under the provisions of R.S. 47:2110(E)...

. § 1989. Review of appeals by tax commission
A. Within ten days of receipt of the assessment lists as certified by the local board of review, the tax commission shall conduct public hearings to hear appeals of taxpayers or assessors from the action of the board of review.
B. The tax commission shall consider the appeal of any taxpayer or assessor dissatisfied with the determination of a local board of review and may affirm, reverse or modify the contested determination of that board of review. ..
D. All decisions by the tax commission are final unless appealed to the district court within thirty days...