ROSEMARY LEDET, Judge.
Lin this ad valorem tax dispute, the Southern Yacht Club (“SYC”), plaintiff/ap-pellee, filed a Motion to Enforce Final Judgment to recover the 2012 taxes it paid under protest. The district court granted the SYC’s Motion to Enforce Final Judgment. Defendants, Erroll Williams, Assessor for the Parish of Orleans; and Norman Foster, Director of Finance and Ex-Officio Tax Collector (“Collector”) for the City of New Orleans (“the City”), appealed. After reviewing the record and the applicable law, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND

In the latter part of 2003, the SYC received notice of ad valorem taxes allegedly due for the 2004 tax year on property it owned in Orleans Parish. The SYC paid the 2004 ad valorem taxes under protest and indicated its intent to file suit. On January 26, 2004, the SYC filed a Suit to Recover Taxes Paid Under Protest against Reginald Zeno, in his then capacity as Director of Finance and Collector for the City; Henry Heaton, in his then capacity as Assessor for the Seventh Municipal District of the Parish of Orleans; and Russel Gaspard, in his then capacity as Chairman of the Louisiana Tax Commission. The SYC contended that it was a non-profit, tax-exempt corporation operating exclusively for fraternal |2purposes and that its properties are exempt from ad valorem taxation pursuant to La. Const, art. VII, § 21(B)(l)(a)(i), which provides that:
Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax ...
The SYC further requested that the district court order Mr. Zeno to refund the taxes it paid under protest.
On November 12, 2004, the district court granted a Motion for Summary Judgment filed by the SYC. In its judgment, the district court declared the SYC exempt from ad-valorem taxation under La. Const, art. VII, § 21(B)(1)(a); ordered Mr. Hea-ton to adjust his assessment rolls to reflect the SYC as exempt from ad valorem taxation; and ordered Mr. Zeno to refund the 2004 taxes paid by the SYC under protest.
For the next seven years, the SYC did not receive tax assessments on the subject property. In the latter part of 2011, the SYC received a tax bill reflecting the 2012 tax assessment on the subject property. The SYC paid the 2012 taxes under protest. On February 28, 2012, the SYC filed a Motion to Enforce Final Judgment under the same case number as the 2004 Suit to Recover Taxes Paid Under Protest.
In its motion, the SYC asserted that the defendants ignored the district court’s November 12, 2004 judgment by including on the accessible tax rolls the property owned by the SYC and issuing a 2012 tax bill to the SYC. The SYC also noted that its counsel met with Mickey Markey, Deputy *944 Assessor for the City, to discuss the SYC’s tax exempt status. The SYC attached as an exhibit to the | amotion an email sent on April 1, 2011, following the meeting, by SYC’s counsel to Mr. Markey. The email confirmed that the SYC was exempt from ad-valorem taxes and that the SYC did not have to file the business personal property tax reporting form. Mr. Markey sent a responding email stating that the “SYC has enjoyed tax exempt status for years.” However, on July 24, 2011, Mr. Williams sent the SYC a letter stating that the Assessor’s office was in the process of updating its exempt property records and did not have on file the necessary information to support the SYC’s exemption from ad valorem taxes. The letter requested that the SYC provide the Assessor’s office with a completed Application for Exemption pursuant to La. R.S. 38:2828, the SYC’s IRS 501(c)(3) Non Profit Determination Letter, the SYC’s Articles of Incorporation, and the SYC’s Certificate of Good Standing. The Assessor’s office never received the requested documents; therefore, the Assessor’s office listed the SYC’s property on the 2012 tax rolls and sent the SYC a 2012 tax bill for the subject pi’operty.
Following a May 23, 2012 hearing, the district court rendered judgment on the Motion to Enforce Final Judgment in the SYC’s favor. The district court’s judgment found that the SYC was exempt from ad valorem tax under La. Const, art. VII, § 21(B)(l)(a)(i) for the 2012 tax year only; and ordered that the 2012 taxes paid under protest to be refunded to the SYC. The district court judge stated in her reasons for judgment that the SYC had been led to believe that they did not need to do anything further to show that it was exempt for the 2012 tax year. Specifically, the district court’s reasons for judgment stated:
[T]he Assessor and his personnel lulled Southern Yacht Club into a sense of security to indicate that Southern Yacht Club need do nothing further to show that it was non-exempt for tax year 2012. It would be patently unfair to require Southern Yacht Club to pay 2012 taxes under these circumstances. However, the Assessor has every right, Land indeed an obligation, to inquire into the status of Southern Yacht Club for tax year 2013 forward.
This appeal by Mr. Williams and Mr. Foster followed.[1] The appellants’ assignments of error can be grouped into the following three categories: 1) the district court wrongfully recognized the SYC’s Motion to Enforce Final Judgment as the proper procedure for the protest of ad valorem taxes; 2) the district court wrongfully enforced its 2004 judgment as to the SYC’s 2012 ad valorem tax exempt status; and 3) the district court wrongfully ordered a refund of the 2012 taxes paid under protest by the SYC when the SYC failed to prove that it met the constitutional requirements for exemption to payment of 2012 ad valorem taxes.

DISCUSSION

The issues in this case require us to interpret statutes pertaining to ad valo-rem taxation. The proper interpretation of a statute is a question of law and thus, is reviewed by this court under a de novo standard of review. Williams v. Parish of St. Bernard, 10-0397, p. 3 (La.App. 4 Cir. 10/13/10), 49 So.3d 520, 523.
*945 We will first address the appellants’ assertion that the district court erred in recognizing the SYC’s Motion to Enforce Final Judgment as the proper procedure for protest of ad valorem taxes.
This court recently analyzed the review procedure for the appeal of tax assessments in Bass Partnership v. Gravolet, 12-0024, pp. 16-20 (La.App. 4 Cir. 11/21/12), 105 So.3d 224-35. Louisiana constitutional and statutory law formulates a two-track procedure that a property owner must follow in challenging property tax assessments. Id., 12-0024 at 16, 105 So.3d at 233-34. Under Louisiana jurisprudence, challenges to ad valorem property tax assessments are ^categorized as either correctness challenges or legality challenges. Id. (citing ANR Pipeline Co. v. Louisiana Tax Comm’n, 02-1479, p. 5 (La.7/2/03), 851 So.2d 1145, 1148-49.)
This court in the Bass case notes that:
[T]he Supreme Court reasoned that correctness challenges are directed at issues of regularity or correctness of the assessment, such as overvaluation and misdescription, while legality challenges are directed at issues involving claims that the assessment is void for radical defects that bring into question the existence of any valid assessment.
Id., 12-0024 at p. 17, 105 So.3d at 234 (citing Morgan’s Louisiana & T.R. & S.S. Co. v. Pecot, 50 La.Ann 737, 742-43, 23 So. 948, 950-51 (La.1898)). Thus, a challenge to the validity of a tax on exempt property, such as that in the instant case, is not a correctness challenge but a legality challenge. Id., 12-0024 at p. 18, 105 So.3d at 235.
The appropriate method for challenging a tax levied on exempt property, a legality challenge, is to institute suit directly in the district court. Triangle Marine, Inc. v. Savoie, 95-2873, p. 6 (La.10/15/96), 681 So.2d 937, 941. The procedure required when filing suit to recover taxes paid under protest is detailed in La. R.S. 47:2134,[2] which provides:
A person resisting the payment of an amount of ad valorem tax due or the enforcement of a provision of the ad valorem tax law and thereby intending to maintain a legality challenge shall timely pay the disputed amount due under protest to the officer or officers designated by law for the collection of the tax and shall give such officer or officers, notice at the time of payment of his intention to file suit for the recovery of the protested tax.
A legality challenge suit must be filed within thirty days from the date of the protested payment.
| fi(Emphasis supplied) La. R.S. 47:2134(0(1) and (2).
In this case, the SYC, pursuant to La. R.S. 47:2134, paid the disputed 2012 ad valorem tax assessment. In accordance with the statute, the SYC enclosed a letter with its protested payment that noticed its intention to either “protest to the Louisiana Tax Commission or to file suit in the appropriate court for the recovery of this tax within thirty (30) days of the payment.” However, the SYC took neither of those actions. Instead, the SYC filed a Motion to Enforce Final Judgment, seeking the district court to enforce its 2004 judgment as to the SYC’s tax status in 2012. Nothing in La. R.S. 47:2134 or Louisiana jurisprudence authorizes a motion to enforce a previous judgment of the district court to recover taxes paid under protest. Based on the foregoing reasons, the SYC *946 has failed to avail itself of the proper procedure to recover taxes paid under protest.
The appellants also assert that the district court -wrongfully enforced its 2004 judgment as to the SYC’s 2012 ad valorem tax exempt status. The district court’s 2004 judgment, in reference to the SYC’s tax exempt status, states that “plaintiffs Motion for Summary Judgment is hereby GRANTED and Southern Yacht Club is hereby declared exempt from ad valorem taxation under Article VII, § 21(B)(1)(a) of the Louisiana Constitution.” The SYC notes that the 2004 judgment was never appealed and is final and definitive as to its determination that the SYC is exempt from the payment of ad valorem taxes pursuant to La. Const, art. VII, § 21(B)(l)(a)(i); thus, arguing that the 2004 judgment is not limited to the 2004 tax year. We disagree.
Although the district court’s 2004 judgment does not include an express time frame as to the SYC’s pertinent exemption, to interpret it to apply to years other 17than 2004, the year at issue in that case, would be contrary to the Louisiana ad valorem tax scheme.
A similar issue was addressed by the Second Circuit in Madison Community Apartments, Inc. v. Madison Parish Police Jury, 444 So.2d 1352 (La.App. 2d Cir. 1984). The plaintiffs in the Madison case were nonprofit corporations that alleged they were entitled to a constitutional charitable exemption from tax assessments. The plaintiffs brought a tax refund suit seeking a judgment ordering their property removed from the tax rolls, which the court determined would be in the nature of a declaratory judgment to the effect that they were perpetually exempt from payment of ad valorem taxes. Id. at 1357.
The court in the Madison case held that:
Such a judgment would be contrary to the scheme of our ad valorem tax assessment procedures. This law provides that the assessment shall be made on the basis of conditions existing as of January each year. R.S. 47:1952. The law requires each assessor to compile a list of the property subject to taxes by July 1 of each year.... The remedy of paying the opposed tax under protest and suing for the refund provided in 47:2110 is consistent with the annual assessment procedure. A declaratory judgment perpetually exempting the property of these plaintiffs would necessarily be contrary to the intent of these assessment statutes and would deprive the assessor, the board of review and the Louisiana Tax Commission of their function of making an annual determination of the tax liability of the plaintiffs property based upon its use on January 1 of each year.
Id. The court in the Madison case also noted that under the Louisiana statutes governing suits to recover taxes paid under protest:
[Tjhere is no provision for a taxpayer asserting a cause of action on the invalidity of one year’s assessment to pay taxes on the following year’s assessment under protest and obtain thereby a cause of action for a refund in the initial suit for the taxes paid on an assessment made a year later.
Id. We agree.
|SA district court’s determination of the invalidity of one year’s tax assessment does not affect the invalidity of the following year’s tax assessment. By statute La. R.S. 47:2134, the courts of this State are prohibited from enjoining the collection of taxes or the enforcement of any provision of the tax law. Giraud v. Louisiana Tax Comm’n, 336 So.2d 1037, 1038 (La.App. *947 4th Cir.1976). In addition, La. R.S. 47:2134 provides a legal remedy for any complaining taxpayer, which does not include the enforcement of a previous judgment rendered in the district court.[3] Id. Thus, the district court’s 2004 judgment does not confer any vested rights to tax exemption to the SYC for any years other than 2004; it pertains only to the SYC’s tax exempt status presented to the court at that time.
The appellants also argue that the district court wrongfully ordered a refund of the 2012 taxes paid under protest by the SYC when the SYC failed to prove that it met the constitutional requirements for exemption of 2012 ad valorem taxes.
In Orleans Parish, La. R.S. 47:1703 states that the status of real and personal property on the first day of August of each year will determine its qualifications for exemption from taxation for the following calendar year. A property exemption from ad valorem taxation pursuant to La. Const, art. VII, § 21(B), such as that requested in the instant case, must be applied for annually by completing an application form provided by the Assessor and certifying that the property qualifies for the exemption sought. La. R.S. 33:2828; see also Side by Side Redevelopment, Inc. v. Marshall, 09-1430, p. 5 (La.App. 4 Cir. 6/30/10), 43 So.3d 1059, 1063 (Bonin, J., concurring).
The SYC admits that it did not provide the Assessor’s office with the annual application certifying that the property qualifies for the pertinent tax exemption as required by La. R.S. 33:2828. The SYC explains it failed to do so for two reasons.
First, the SYC argues that La. R.S. 33:2828 did not become effective until June 30, 2005. Before that date, the SYC notes that there was no requirement for any property owner within the City of New Orleans to apply annually for an exemption to ad valorem taxes. The SYC argues that La. R.S. 33:2828 cannot be applied retroactively to disturb the vested rights it claims the 2004 judgment granted. As discussed earlier, the district court’s 2004 judgment did not confer any vested rights to tax exemption to the SYC for any years other than 2004. The 2004 judgment only pertains to the SYC’s tax exempt status presented to the court at that time. Accordingly, La. R.S. 33:2828 applies to the SYC’s 2012 ad valorem tax exempt status.
Second, the SYC argues that the district court’s 2004 judgment sustains its burden of proof establishing exemption as provided by La. Const, art. VII, § 21(B)(l)(a)(i). The SYC shifts the burden to the appellants, asserting that they did not inquire into its tax exempt status or allege that any of the SYC’s functions have changed since the 2004 judgment.
The Louisiana Supreme Court provides that for an organization to be eligible for a property tax exemption pursuant to La. Const, art. VII, § 21(B)(1)(a)© that organization must be:
(1) a nonprofit corporation or association; (2) organized and operated exclusively for religious, burial, charitable, health, welfare, fraternal, or educational purposes; (3) with no net earnings inuring to the benefit | inof any private shareholder or member; and (4) exempt from federal or state income tax.
*948 Sherwood Forest Country Club v. Litchfield, 08-0194, pp. 5-6 (La.12/19/08), 998 So.2d 56, 61.
Louisiana jurisprudence has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Metairie Country Club v. Louisiana Tax Com’n, 03-0538, p. 5 (La.App. 5 Cir. 10/28/03), 860 So.2d 165, 167-68. An exemption, being an exceptional privilege, must be clearly, unequivocally, and affirmatively established by the taxpayer. Id., 03-0538 at p. 5, 860 So.2d at 168. The taxpayer’s stringent burden is to overcome the judicial fundamental principle that “to doubt is to deny the exemption.” Sherwood, 08-0194 at p. 6, 998 So.2d at 61 (quoting Citifinancial Retail Services Division of Citicorp Trust Bank, FSB v. Weiss, 372 Ark. 128, 271 S.W.3d 494 (2008)).
In this case, the burden of establishing the pertinent tax exemption is on the SYC, the tax payer, rather than the appellants, the taxing body. A review of the record shows that the SYC put on no evidence to establish that it was entitled to exemption to payment of ad valorem taxes for the 2012 tax year. SYC relied solely on the district court’s 2004 judgment and the email sent by SYC’s counsel to Mr. Mar-key stating that the “SYC has enjoyed tax exempt status for years.”
As stated, the district court’s 2004 judgment does not have an effect on the SYC’s 2012 tax exemption status; thus, the SYC’s reliance on that judgment to sustain its burden of proof to establish an exemption as provided by La. Const, art. VII, § 21(B)(1)(a)(1) for the 2012 tax year is misplaced.
InFurther, the email stating that the “SYC has enjoyed tax exempt status for years” does not affirmatively establish tax exemption for the SYC for the 2012 tax year.[4] We find that the email submitted by the SYC was contradicted by the letter subsequently sent to them by the Assessor. The Assessor’s letter detailed the requirements provided by La. Const. art. VII, § 21(B) for non-profit tax exemption; the documents that were required to be provided to support the exemption; and the consequence of failing to provide the documents in the specified time frame. The Assessor’s office did, in fact, inquire into the SYC’s tax exempt status. When the requested documents were not received, the Assessor’s office issued a tax bill noticing the SYC of its 2012 tax assessment. Based on the foregoing, the SYC could not have been lulled into believing that it did not have to do anything to establish exemption from payment of ad valorem taxes for the 2012 tax year. Thus, we find that the trial court erred by holding the SYC exempt from ad valorem taxes for the 2012 tax year when no evidence was presented that it qualified for the exemption for that year.

DECREE

For the foregoing reasons, the district court’s judgment is reversed.
REVERSED

. The Louisiana Tax Commission, although apprised of this action, opted not to participate in it.

. La. R.S. 47:2134 reproduces the substance of former La. R.S. 47:2110 (repealed by La. Acts 2008, no. 819 § 2, effective January 1, 2009).

. La. R.S. 47:2134(D), as it pertains to the instant case, provides that:
The right to sue for recovery of a tax paid under protest as provided in this Section shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of all questions arising in connection with a correctness challenge or the enforcement of the rights respecting the legality of any tax accrued or accruing or the method of enforcement thereof.

. The appellants objected to the introduction of the email into evidence. They assert that additional evidence cannot be considered after the rendition of a final judgment unless a motion for JNOV or a motion for new trial has been granted. Denton v. State Farm Mut. Auto. Ins. Co., 08-0483, pp. 9-10 (La.12/12/08), 998 So.2d 48, 54. Because we find in favor of the appellants on the merits, we find it unnecessary to address this eviden-tiary issue.